# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**BRYAN KEITH RICHARDSON**,

    Plaintiff,

v.

                                                                           **Civil Action No. 2:14-CV-64**
                                                                          **(BAILEY)**

**MR. SMITH,** Associate Warden of
Prison Operations**, MR. RUSSELL
A. PERDUE,** Warden, *et al.*,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"), filed on November 2, 2015 [Doc. 93]. In that filing, the magistrate judge recommended that this Court dismiss the plaintiff's **Bivens** Complaint with prejudice. As set forth below, this Court agrees with the magistrate judge and adopts his R&R over plaintiff's objections.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. On November 9, 2015, plaintiff requested an extension of time to file his objections. This Court granted plaintiff's motion and extended the objections deadline to December 31, 2015. Thereafter, plaintiff timely filed his objections on December 29, 2015 [Doc. 105]. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects. The remainder of the R&R will be reviewed for clear error.

## I. BACKGROUND

As Magistrate Judge Aloi set forth a comprehensive account of the facts in his R&R, this Court's factual summary will be brief. On August 14, 2014, Bryan Keith Richardson, currently incarcerated at USP Beaumont, filed a *pro se* civil rights Complaint [Doc. 1] alleging that while housed at FCI Gilmer, he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by being placed on a "hitching post" in adverse weather conditions on three occasions, causing his health conditions to worsen; and that BOP employees retaliated against him for filing grievances by sending him to the "hitching post," verbally abusing him, increasing his IFRP payments, issuing a false disciplinary report against him, sending him to the SHU, and freezing his inmate pay. For relief, plaintiff seeks various forms of injunctive relief related to FCI Gilmer, $100,000 in compensatory damages, and $100,000 in punitive damages.

## II. DISCUSSION

Upon a review of the plaintiff's Complaint and Objections, this Court agrees with the magistrate judge that the plaintiff is not entitled to the relief he seeks. Plaintiff objects mostly to his inability to conduct discovery and the recommendation that his claims do not amount to an Eighth Amendment violation. Upon an independent review of the record, however, this Court finds that there are no genuine issues of material fact in dispute and that the defendants are entitled to judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

Additionally, plaintiff does not object to the magistrate judge's recommendation that the various requests for injunctive relief against FCI Gilmer are now moot as he is no longer in custody at that facility. Finding no clear error, this Court **ADOPTS** the magistrate judge's recommendation to dismiss the following relief: (1) an order prohibiting the employees at FCI Gilmer from putting plaintiff on the "hitching post"; (2) requiring FCI Gilmer to install a shelter over the "hitching post" that includes a bathroom and water fountain; (3) a transfer from FCI Gilmer; and (4) an order preventing FCI Gilmer staff from retaliating against him. This Court **DISMISSES** those claims as **MOOT**.

Additionally, plaintiff does not object to the magistrate judge's finding that defendants Russell A. Perdue and Mr. Smith should be dismissed. As noted in the R&R, the plaintiff appears to assert claims against these defendants in their supervisory capacity as the warden and associate warden of FCI Gilmer. "Because vicarious liability is inapplicable to **Bivens** and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." **Ashcroft v.**

*Iqbal*, 556 U.S. 662, 676 (2009).  Here, plaintiff does not allege any personal involvement on the part of defendants Perdue and Smith; accordingly, they are **DISMISSED** from this action.

A. **Eighth Amendment**

Plaintiff objects to the magistrate judge's conclusion that the act of placing him on a "hitching post," which was essentially an outdoor bench, did not amount to an Eighth Amendment violation.  In considering the plaintiff's Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison official acted with a 'sufficiently culpable state of mind.'" **Edmondson v. Spencer**, 2014 WL 713260, at *4 (N.D. W.Va. Feb. 21, 2014) (citing **Wilson v. Seiter**, 501 U.S. 294 (1991)).

Plaintiff argues that he meets this standard because he was forced to endure adverse weather with no shelter, restrooms, or water and the defendants knew he suffered from serious medical conditions which worsened as a result of being exposed to this adverse weather.  Viewing the facts in a light most favorable to the plaintiff, this does not amount to cruel and unusual punishment.  See **Morris v. Samuels**, 2015 WL 4893185 (N.D. W.Va. August 17, 2015).  The discomfort alleged by plaintiff may have been harsh, but does not arise to cruel and unusual punishment.  See **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981) ("[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). Accordingly, plaintiff has failed to meet the first element.

Next, plaintiff argues that the defendants acted with a sufficiently culpable state of

mind. Plaintiff's bald assertion, without evidence of harm to his well-being, fails to meet this standard. See **Brown v. N. Carolina Dep't of Corr.**, 612 F.3d 720, 723 (4th Cir. 2010) ("the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."). Plaintiff has failed to allege a sufficient set of facts to support an Eighth Amendment claim. See **Wilson v. Seiter**, 501 U.S. 294 (1991). At the outset, this Court notes that the plaintiff was not secured to the bench in any form, and he was free to get up at any time. This is unlike the Eighth Amendment violation found in **Hope v. Pelzer**, 122 S. Ct. 2508 (2002), where the inmate was handcuffed to a hitching post for seven hours. In addition, the plaintiff admits that the defendants had no knowledge that he suffered from a lung tumor, which he alleges was worsened by his time spent on the hitching post. Accordingly, as the R&R explains in more detail, the defendants could not have acted with a culpable state of mind that the plaintiff faced any serious danger to his safety. Accordingly, the defendant has failed to establish the second element of an Eighth Amendment claim and the same is hereby **DISMISSED**.

### B. Retaliation Claims

The plaintiff alleges that the defendants retaliated against him in various forms for filing grievances. Plaintiff alleges this retaliation included being put on the hitching post, verbal abuse, an increase in his IFRP payments, the issuance of false disciplinary reports, being sent to the SHU, and freezing his pay. As set out below, none of these allegations state a constitutional violation.

First, federal inmates have no constitutional right to participate in the BOP's

administrative grievance procedure. See **Adams v. Rice**, 40 F.3d 72, 73 (4th Cir. 1994) (no constitutional right to the grievance procedures). Therefore, claims such as plaintiff's that BOP employees retaliated against him for pursuing his complaints through the administrative process, are not appropriate claims in a **Bivens** action. Next, to the extent the plaintiff alleges that he was sent to the "hitching post" in retaliation for filing grievances, he has again failed to state a constitutional violation. As discussed above, plaintiff has not established a violation of his Eighth Amendment right to be free of cruel and usual punishment. Likewise, plaintiff's allegation that staff cursed at him does not state a viable claim of retaliation. Mere verbal harassment does not give rise to a constitutional violation. See **Wagner v. Wheeler**, 13 F.3d 86, 92-93 (4th Cir. 1993). In addition, plaintiff does not have a constitutional right to be free from false disciplinary reports. Prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." **Freeman v. Rideout**, 808 F.2d 949, 951 (2d Cir. 1986).

Moreover, the plaintiff does not have a constitutional right to be free from administrative detention in the SHU. Plaintiff alleges that defendant Yarber placed him in the SHU because he complained about defendant Weaver's actions on the previous day. To establish a due process violation, a plaintiff must prove "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." **Sandin v. Conner**, 515 U.S. 472, 483–84 (1995). An inmate has no liberty interest in avoiding confinement in administrative segregation. See **Beverati v. Smith**, 867 F.3d 500 (4th Cir. 1997). Here, plaintiff has made no showing that his placement in the SHU is either a condition which exceeded his

sentence in an unexpected manner or which created an atypical or significant hardship in relation to the ordinary incidents of prison life. See **Redman v. Kilgore**, 2011 WL 830060 at * 4 (S.D. W.Va. Jan. 14, 2011).

Next, plaintiff's allegation that his inmate pay was frozen does not rise to the level of a constitutional violation. As this Court has previously recognized, the law is well settled that a prisoner does not have a constitutionally protected right to work while incarcerated – or to remain in a particular job once assigned. **Boyles v. W. Va. Dep't of Corrections**, 2013 WL 5728143 at *2 (N.D. W.Va. Oct. 22, 2013). "Prisoner work assignments are matters within the discretion of prison officials, and denial of employment does not, in an of itself, abridge any constitutional right of the inmate." *Id*. (citing **Johnson v. Krable**, 1988 WL 119136 at *1 (4th Cir. 1988)). The same is true about a prisoner's pay grade or any benefit that stems from the prison job, such as an apprenticeship program. See **Goodman v. McBride**, 2007 WL 1821090 at *2 (S.D. W.Va. June 22, 2007). Accordingly, because the plaintiff has no constitutional right to any particular job or its benefits, this claim fails to establish a viable claim of retaliation.

Finally, plaintiff's claims regarding the IFRP fail to state a constitutional violation. The IFRP was enacted to assist an inmate "to meet his or her legitimate financial obligations" and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. The IFRP has been "uniformly upheld against constitutional attack." **McGhee v. Clark**, 166 F. 3d 884, 886 (7th Cir. 1999). Rather, to the extent the plaintiff alleges that his payment plan was impermissibly altered, his remedy is to file a habeas petition pursuant to 28 U.S.C. § 2241. See **Snyder v. Butler**, 2014 WL 3565984 at * 2 (S.D. W.Va. June 11, 2014) ("A federal

prisoner's challenge to scheduled restitution payments under the IFRP is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241.").

"A plaintiff alleging that government officials retaliated against [him] in violation of [his] constitutional rights must demonstrate . . . that [he] suffered some adversity in response to [his] exercise of protected rights." **Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cty., Md.**, 999 F.2d 780, 785 (4th Cir. 1993) (citing **Huang v. Bd. of Governors of Univ. of N. Carolina**, 902 F.2d 1134, 1140 (4th Cir. 1990)). As clearly stated above, the plaintiff has made no such showing. Accordingly, these claims are **DISMISSED**.

### C. Miscellaneous Motions

Since the filing of the R&R, plaintiff has filed a Motion for Appointment of Counsel [Doc. 102] and a Motion for Evidentiary Hearing [Doc. 103]. In a civil proceeding, the Court has discretion to request an attorney to represent an indigent party. See 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, plaintiff may be entitled to appointment of counsel only after a showing of a particular need or exceptional circumstance. See **Cook v. Bounds**, 518 F.2d 779 (4th Cir. 1975). After a review of the plaintiff's objections, plaintiff has neither shown particular need nor an exceptional circumstance. Thus, plaintiff's Motion for Appointment of Counsel **[Doc. 102]** is **DENIED**. Additionally, this Court finds no benefit to holding an evidentiary hearing; accordingly, that Motion **[Doc. 103]** is **DENIED**.

III.  **CONCLUSION**

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 93]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  The Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 73]** is **GRANTED**.  Further, Plaintiff's Objections **[Docs. 104 & 105]** are **OVERRULED**.  Plaintiff's Motion for Appropriate Relief **[Doc. 96]**, Motion to Appoint Counsel **[Doc. 102]**, and Motion for Evidentiary Hearing **[Doc. 103]** are hereby **DENIED**.  Accordingly, Plaintiff's Complaint, including the Amendments set forth in his Motions to Amend **[Doc. 1]**, is hereby **DISMISSED WITH PREJUDICE**.  As a result, plaintiff's remaining Motions **[Docs. 82, 87, 89, 90, and 91]** are **DENIED AS MOOT**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of defendants and **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: January 20, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE